UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KENNETH ENG,                          :
                                      :
                    Plaintiff,        :
                                      :       **MEMORANDUM & ORDER**
        -against-                     :
                                      :       **13-cv-4855 (ENV)**
GREGORY CARTER, NELLA YELENOVIC,      :
BRIAN KELLY, and EILEEN KELLY,        :
                                      :
                    Defendants.       :
                                      :
------------------------------------------------------------x

VITALIANO, D.J.,

On August 1, 2008, plaintiff Kenneth Eng was sentenced by a judge of this

Court to five years probation upon a plea of guilty to one count charging a civil

rights violation under 18 U.S.C. § 245(b)(4)(A). (Judgment, No. 08-cr-66, Dkt. No.

38). On August 23, 2013, Eng, who is self-represented, initiated this lawsuit against

Officers Gregory Carter, Nella Yelenovic, Brian Kelly, and Eileen Kelly of the

United States Probation Department, alleging violations of his constitutional rights

pursuant to 42 U.S.C. § 1983. Eng's application to proceed *in forma pauperis* is

granted, but, for the reasons that follow, his complaint is dismissed with prejudice.

### Background[1]

The facts underlying Eng's conviction include, among other things, a series of

---

[1] Background facts are drawn from the allegations in plaintiff's complaint, which
are deemed true for the purposes of this decision. The Court also takes judicial
notice of documents entered on the docket of the criminal proceeding against Eng in
this Court.

escalating, racially-motivated threats, assaults, and acts of stalking perpetrated against a classmate at New York University ("NYU"). *See* (Order, No. 08-cr-66, Dkt. No. 43). As an initial condition of his probation, Eng was directed not to make contact with any member of the NYU community "without their express permission." In fairly typical fashion, mental health treatment was also an ordered condition of probation. (*Id.*). On April 3, 2009, the Court ordered a modification of probation, with Eng's consent, after probation officers learned that he had engaged in potentially threatening conduct online, which was directed toward a former NYU classmate. (*Id.*) Pursuant to that modification, all of Eng's electronic activity was subjected to monitoring. (*Id.*). Eng later submitted to electronic home monitoring as another modification of his probation ordered by the Court. That modification, ordered on March 10, 2010, followed a series of probation violations and state court criminal prosecutions for violent offenses. This condition was further modified to require home confinement without electronic monitoring on March 4, 2011, and lifted, save for a curfew, on April 21, 2011. (Orders, Dkt. Nos. 45, 47, 48). Eng's term of probation ended on July 25, 2013.

About a month later, on August 23, Eng slapped back, filing this lawsuit, alleging that his probation officers had been "extremely abusive" during his term of probation. The complaint regurgitated a laundry list of grievances against them. For instance, Eng charges that defendants "reported [him] to a judge on multiple occasions merely because [he] criticized President Obama on [his] blog," mischaracterizing his posts as "obsessive in nature." (Compl. ¶ III). Eng takes exception to the directive of one of the officers which "banned [him] from playing

video games." Another, he felt, insinuated "that [his mother] was a racist," and, he says, "insulted [Eng] over the phone once." (Compl. ¶ III). Finally, Eng avers that the probation officers improperly attempted to restrict his internet usage after they "became alarmed when [he] searched for information on military-grade firearms" and "demanded to see [him] in person immediately after [he] googled the Virginia Tech massacre." (Compl. ¶ III). Eng now seeks $2 million in damages.

<u>Standard of Review</u>

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his or her claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive a motion to dismiss without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557.

When a plaintiff proceeds without legal representation, the court must regard that plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

3

U.S.C. § 1915(e)(2)(B).

## Discussion

Eng styles his action as one seeking relief under 42 U.S.C. § 1983, which provides a cause of action against "any person who, acting under color of state law, deprives another of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Absent a showing that the subject conduct includes wrongful actions by a state actor, there can be no viable claim under § 1983. *See United States v. Price*, 383 U.S. 787, 794, (1966); *Shelley v. Kraemer*, 334 U.S. 1, 13, (1948). Since it targets the conduct of federal, rather than state officers, Eng's § 1983 claim must be dismissed. *See generally Wheedlin v. Wheeler*, 373 U.S. 647 (1963) (holding that federal officers are not liable under § 1983). Because Eng cannot show that § 1983 confers upon him a right of action against these defendants, his § 1983 claim is dismissed with prejudice.

In light of Eng's *pro se* status, however, the Court liberally interprets his pleading to raise, instead, a *Bivens* claim, which provides a vehicle to seek analogous relief against federal officers for constitutional injuries. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On the facts stated, not only has Eng failed to plead a constitutional injury, he has pleaded facts that convincingly establish there was none.

Substantively, to start, Eng takes exception to the characterization by his probation officers of the findings of their supervisory visits and court-ordered monitoring, all of which they reported to the judge supervising his probation.

4

Editorial embellishment of such findings, assuming it took place, alone is not a constitutional violation. *See United States v. Jennings*, 652 F.3d 290, 302 (2d Cir. 2011) ("A probation officer is in general required to keep informed of and 'report [the supervisee's] conduct and condition to the sentencing court.'" (alteration in original) (quoting 18 U.S.C. § 3603(2))). Such findings start, but do not end, the condition modification process. Eng, of course, had a right to contest any modification to his probation conditions sought by supervising officers. *See* 18 U.S.C. § 3583 (discussing parameters and factors judge must adhere to in modifying probation terms). He does not claim anyone deprived him of that right. In any event, Eng does not allege that any modification to probationary conditions was ordered over his objection. Assuming, without deciding, that there is a right to relitigate any adverse modification result in an action like this one, there being no adverse result imposed after a contested modification hearing, there can be no constitutional violation.

Similarly, Eng's allegation that the probation officers restricted him from accessing violent digital content and information about military-grade firearms does not raise a constitutional concern. Eng, again, consented to this modification of his probation, *i.e.*, agreed to a condition requiring him to "cooperate with the United States Probation Department's Computer and Internet Monitoring Program."[2]

---

[2] This program includes monitoring of Internet-capable video game consoles. *See* Computer & Internet Monitoring Program, Eastern District of New York, *Gaming Console Form*, http://www.uspokelly.com/cimp/GCDF.pdf. Presumably, Eng's

5

(Order, No. 08-cr-66, Dkt. No. 43). Notably, this modification followed, without his contradiction at the time, Eng's use of his blog to threaten and harass one of his former NYU classmates, in clear violation of one of the existing terms of his probation. (*Id.*). Moreover, while Eng generally complains that "[t]he probation department also *banned* [him] from viewing certain subjects on the [I]nternet," the examples he cites point only to probation's *warning* him or *reporting* him for viewing material related to military-grade firearms and the Virginia Tech massacre. (Compl. ¶ III (emphasis added)). Far from stating a constitutional violation, on this record, these allegations describe exemplary probation supervision.

Finally, Eng asserts that Officers Brian Kelly and Nella Yelenovic personally mistreated him. The former, according to Eng, "insulted [Eng] over the phone once," saying that he "lost a lot of respect" after viewing some unspecified video of Eng. (Compl. ¶ III). Yelenovic, Eng alleges, "insulted my mother by insinuating that she was a racist merely because I happen to be a racist." (Compl. ¶ III). Assumed true for subject purposes, these allegations do not amount to violations of Eng's constitutional rights. These claims are, at best, frivolous.

## Conclusion

For the foregoing reasons, Eng has failed to state an actionable claim under § 1983 or *Bivens*. Nor do the factual allegations he has made suggest even a glimmer

---

agreement to the CIMP condition that he possess only "one Internet capable device" can explain his averment that Yelenovic "banned [him] from playing video games, threatening a court order if [he] attempted to play games." (Compl. ¶ III); (Order, 08-cr-66, Dkt. No. 43).

of hope that they may be amended to state any valid cause of action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), therefore, Eng's complaint is dismissed in its entirety.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated:     Brooklyn, New York
           November 11, 2013

                                        s/ ENV

                                        _____
                                        ERIC N. VITALIANO
                                        United States District Judge

7